IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| QUANESHA COLEMAN, | : | CIVIL ACTION NO. |
| | : | 1:14-CV-1095-WSD-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PARADIGM SECURITY SERVICES, | : | |
| INC., NATHANIEL GRAY, and RICK | : | |
| STRAWN, | : | **NON-FINAL REPORT AND** |
| | : | **RECOMMENDATION ON A** |
| Defendants. | : | **MOTION TO DISMISS** |

## I. BACKGROUND

Plaintiff alleges gender-based discrimination and other claims against her former employee, Defendant Paradigm Security Services, Inc. ("Paradigm"). On June 16, 2014, Paradigm moved to dismiss three counts in the original Complaint [1] for failing to state a claim, that is, Counts III (Pregnancy Discrimination), IV (Interference with Family Medical Leave Act ("FMLA") rights) and V (Retaliation for protected activity under the FMLA). *See* Motion to Dismiss [4]. Plaintiff, in response, filed an Amended Complaint [6] that includes additional factual and other allegations in Counts III through V relating to the alleged deficiencies raised in the Motion to Dismiss. Plaintiff also filed a Response in Opposition [7] to the Motion to Dismiss, but Plaintiff's argument is essentially focused on the sufficiency of the allegations in the new, Amended Complaint. Defendant has not moved to dismiss the

Amended Complaint. Rather, Defendant Paradigm has answered the Amended Complaint [16].

## II.  DISCUSSION

Once Plaintiff amended the Complaint, the original Complaint [1] was effectively abandoned and is no longer the operative pleading in the case. *See Kaloe Shipping Co. Ltd. v. Goltens Serv. Co., Inc.*, 315 F. App'x 877, 879 (11th Cir. 2009) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."); *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1219-20 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case.") Moreover, as explained in Plaintiff's Response [7] to the Motion to Dismiss, the Amended Complaint substantively changes the Counts at issue, for the apparent purpose of attempting to address the alleged deficiencies.[1]

---

[1] Defendant moved to dismiss Count III of the original Complaint, which alleged "pregnancy discrimination in violation of 29 U.S.C. § 201 [the Fair Labor Standards Act ("FLSA")]" on the ground that the FLSA does not prohibit pregnancy discrimination. [4-1] at 1-3. The Amended Complaint corrects what appears to have been a typographical error in this regard, clarifying that the pregnancy discrimination claim in Count III is founded on Title VII of the Civil Rights Act of 1964, not the FLSA. [6] at 12. Defendant moved to dismiss Counts IV and V of the original Complaint, which alleged violations of the FMLA, on the grounds that these original allegations did not include facts sufficient to show that Plaintiff was eligible for

### III. RECOMMENDATION

Thus, Defendant's Motion to Dismiss [4], which is directed solely towards three counts in the original, now superseded and apparently corrected, Complaint, is moot and should be **DENIED** on that basis. *See, e.g., Williams v. Georgia Dep't of Corrections,* Civil Action No. 1:13-cv-3084-WSD, 2014 WL 3956039, at * 2 n. 1 (N.D.Ga. Aug. 13, 2014).

**IT IS SO RECOMMENDED** this 22nd day of September, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

protection under the FMLA based on her length of employ. [4-1] at 3-5. The Amended Complaint adds additional facts on this issue, specifically alleging that although Plaintiff had not been employed for at least 12 months as the FMLA requires, the pregnancy leave that she had requested was anticipated to begin after she would have gained FMLA eligibility. [6] at 13-15. Plaintiff makes the legal argument that these allegations are sufficient. *See* Response to Motion to Dismiss [7] at 4-6. Again, Defendant does not challenge the sufficiency of these new factual allegations in a new Motion to Dismiss.

3